UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

SUSAN ANDERSON

Case Nos. 2:17cr020
2:18cr030

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of         is reduced to        . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

If the defendant's sentence is reduced to time served:

  ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant contends her medical conditions, i.e. chronic obstructive pulmonary disease ("COPD"), emphysema, degenerative disc disease, nerve damage, and heart murmur, together with the risk of COVID-19, qualify as extraordinary and compelling reasons under § 3582(c) that warrant compassionate release.  The Court concludes that Defendant has met her burden to show extraordinary and compelling reasons under § 3582(c).

That is not the end of the Court's analysis, however.  The factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed.  The underlying case arose as part of a joint investigation into methamphetamine trafficking conducted by several law enforcement agencies in the Southern District of Georgia.  In November 2015, after Defendant was pulled over in a traffic stop, officers confiscated 983 grams of methamphetamine.  Defendant was released on bond in January 2016.  In August and September 2016, a confidential informant purchased 86.55 total grams of methamphetamine from Defendant.  Upon executing a search warrant at her home, agents found 511.26 grams of methamphetamine, other drug

3

paraphernalia, nearly $5,000 in cash, and five firearms. In February 2017, law enforcement learned that Defendant had been renting hotel rooms to hide from the police and that she had been paying a man named Kenneth Williams to drive her to Atlanta so she could obtain large quantities of methamphetamine which Williams then distributed locally. In September 2017, law enforcement found Defendant—a federal fugitive—in Florida with over four kilograms of methamphetamine, $20,000 in cash and two firearms. Defendant had already been diagnosed with COPD during this time.

Defendant was charged in two cases, one in the Southern District of Georgia and one in the Northern District of Florida which was then transferred to the Southern District of Georgia. Defendant pleaded guilty in both cases to a total of two counts: conspiracy to distribute fifty grams or more of methamphetamine (actual) and possession with intent to distribute fifty grams or more of methamphetamine (actual) and 500 grams or more of a methamphetamine mixture. Based on the amount of drugs involved, Defendant's base offense level was 22; she received a two-point enhancement for possession of multiple firearms; a two-point enhancement for maintaining drug premises; a two-point enhancement for being an organizer and leader of the conspiracy; and a three-level reduction for acceptance of responsibility. With a criminal history category of VI, Defendant's advisory guideline range was 360 months' to life imprisonment. During a combined sentencing hearing for both cases, the Court imposed concurrent 280-month sentences, representing a downward departure in one case and a downward variance in the other case.

Currently, Defendant's projected release date is May 20, 2037, meaning she has well over sixteen years left to serve. If Defendant were released now, she will have served significantly below both her guidelines range and her imposed sentence. Moreover, Defendant's criminal

4

history is concerning; indeed, she is a career offender with at least four prior convictions involving drug distribution. It appears her past criminal activity did not deter her from committing another offense. The Court concludes that granting Defendant compassionate release at this juncture would not reflect the seriousness of her crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses. Moreover, Defendant's argument in her reply brief that she was represented by a troubled attorney does not in any manner lessen the seriousness of the crimes she committed. Defendant is better off pursuing that argument in her pending 28 U.S.C. § 2255 actions.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: February 10, 2021

_____
UNITED STATES DISTRICT JUDGE

5